O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIE J. MORRIS, | Case No. CV 13-6236-OP |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action.  (See ECF Nos. 7, 11.)

[2]  As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties.  In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).  (ECF No. 9 at 3.)

I.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1)    Whether the ALJ properly rejected the opinion of Plaintiff's treating physician; and

(2)    Whether the ALJ properly rejected Plaintiff's credibility.

(JS at 3.)

II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

III.

## DISCUSSION

A.    **The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of asthma and back

2

disorder.  (Administrative Record ("AR") at 13.)  The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform a range of light work with the following limitations:  stand and/or walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; and avoid concentrated exposure to fumes, odors, chemicals, gases, and dust.  (Id. at 14.)

Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff is capable of performing her past relevant work as an insurance agent and as a customer service representative.  (Id. at 17.)

**B.**   **The ALJ Properly Rejected the Opinions of the Treating Physician.**

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting the opinions of treating physician Mary Toft, M.D.  (JS at 3-6, 13-16.)

In a June 6, 2012, Physical Residual Functional Capacity Questionnaire, Dr. Toft stated that, among other restrictions, Plaintiff could never lift or carry anything under ten pounds, could stand and/or walk for less than fifteen minutes in an eight-hour workday, could sit for less than two hours in an eight-hour workday, had to shift positions every ten minutes, and would need ten minutes breaks every ten minutes.  (AR at 567.)  In this form, Dr. Toft states that the clinical findings and objective signs supporting her findings were "L4, L5, S1 degeneration on plain x ray at VA."  (Id. at 566.)

The ALJ rejected Dr. Toft's opinions, as follows:

The undersigned gives no weight to the opinions of Dr. Toft. Although this source did have the opportunity to examine and treat the claimant, the opinions offered are not supported with a rationale or an identification of the signs and laboratory findings warranting such an opinion.  Moreover, the opinions are not consistent with the other medical records as a whole.  Instead, it essentially adopts the claimant's statements without objectivity or balance.  There is no longitudinal

3

1  confirmation of consistently severe limitations that would preclude the
2  performance of light exertional work for a continuous period of 12
3  months.  Moreover, the records are devoid of any detailed examinations
4  or physical findings related to the claimant's musculoskeletal structure.
5  Likewise, the records contain no laboratory tests, e.g. x-rays, MRI scans,
6  etc. which would support her opinions for 12 continuous months.  Dr.
7  Toft's opinions are not consistent with either her own findings or other
8  substantial evidence of record, including the objective findings and
9  observations, notes and opinions of other treating and examining
10 physicians.  Rather, Dr. Toft appears to have accepted the claimant's
11 subjective complaints, and the above-noted opinions reflect a position
12 of "advocacy" for the claimant.  Finally, to the extent the source opines
13 on the ultimate issue of disability, she treads on an issue reserved for the
14 Commissioner.  Hence, the opinions are not entitled to controlling
15 weight under 20 CFR Sections 404.1527 and/or 416.927.  Therefore, Dr.
16 Toft's opinions are not afforded significant weight in this
17 decisionmaking process in accordance with SSR 96-5P.

18 (AR at 16 (citations omitted).)

19        In evaluating medical opinions, the case law and regulations distinguish
20 among the opinions of three types of physicians: (1) those who treat the claimant
21 (treating physicians); (2) those who examine but do not treat the claimant
22 (examining physicians); and (3) those who neither examine nor treat the claimant
23 (nonexamining physicians).  See 20 C.F.R. §§ 404.1502, 404.1527, 416.902,
24 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Generally,
25 the opinions of treating physicians are given greater weight than those of other
26 physicians, because treating physicians are employed to cure and therefore have a
27 greater opportunity to know and observe the claimant.  Orn v. Astrue, 495 F.3d
28 625, 631 (9th Cir.2007); Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

4

1    The ALJ may only give less weight to a treating physician's opinion that conflicts
2    with the medical evidence if the ALJ provides explicit and legitimate reasons for
3    discounting the opinion.  See Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at
4    632-33; SSR 96-2p.  Similarly, "the Commissioner must provide 'clear and
5    convincing' reasons for rejecting the uncontradicted opinion of an examining
6    physician."  Lester, 81 F.3d at 830 (quoting Pitzer v. Sullivan, 908 F.2d 502, 506
7    (9th Cir.1990)).  Even where an examining physician's opinion is contradicted by
8    another doctor, the ALJ must still provide specific and legitimate reasons
9    supported by substantial evidence to properly reject it.  Id. at 830-31 (citing
10   Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)).

11           Here, the ALJ properly rejected Dr. Toft's opinions, as they were not
12   supported by clinical findings or the medical record as a whole.  See 20 CFR
13   404.1527(c)(3); cf Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001)
14   (lack of clinical findings is specific and legitimate reason for rejecting treating
15   physician's opinions); Khounesavatdy v. Astrue, 549 F. Supp. 2d 1218, 1229
16   (E.D. Cal. 2008) ("[I]t is established that it is appropriate for an ALJ to consider
17   the absence of supporting findings, and the inconsistency of conclusions with the
18   physician's own findings, in rejecting a physician's opinion.") (citing Johnson v.
19   Shalala, 60 F.3d 1428, 1432-33 (9th Cir. 1995); Matney v. Sulllivan, 981 F.2d
20   1016, 1019 (9th Cir. 1992); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.
21   1989)).

22           As stated above, Dr. Toft cited only the single x-ray as supporting the
23   extreme limitations reflected in her report.  (AR at 566.)  However, while the x-ray
24   found "chronic facet arthropathy," the diagnosis on that x-ray stated it was a
25   "minor abnormality."  (Id. at 398.)  Moreover, Dr. Toft did not report any findings
26   from physical examination of Plaintiff's musculoskeletal system and never
27   suggested more aggressive treatment than the Vicodin she apparently prescribed.
28   (Id. at 317-32; 543-64.)  Significantly, as discussed in greater detail below,

1   Plaintiff consistently received conservative treatment for her back condition. (Id.

2   at 246-89, 317-32, 420-21, 443, 446-48, 453-57, 459, 543-53, 558-64.)  In fact,

3   Plaintiff refused injections that were offered to her for pain relief.  (Id. at 423-24,

4   437, 454, 458.)

5          Put simply, nothing in Dr. Toft's records, or the medical record as a whole,

6   supports the extreme limitations reported in Dr. Toft's report.  Accordingly, this

7   was a clear and convincing reason for rejecting Dr. Toft's opinions.  Thus, there

8   was no error.

9   **C.     The ALJ Properly Considered Plaintiff's Credibility.**

10         Plaintiff contends the ALJ failed to provide the necessary clear and

11  convincing reasons for rejecting her credibility with respect to her complaints of a

12  disabling back condition.  (JS at 16-20, 26-29.)  The Court disagrees.

13         The ALJ rejected Plaintiff's credibility for a number of reasons, namely:

14  lack of supporting medical evidence, performance of daily activities that are

15  inconsistent with the alleged level of disability, failure to report medication side

16  effects to treating sources, conservative treatment, and demeanor and behavior at

17  the hearing that was inconsistent with the alleged level of disability.  (AR at 14-

18  15, 17.)

19         An ALJ's assessment of pain severity and claimant credibility is entitled to

20  "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.

21  Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a

22  claimant's testimony is a critical factor in a decision to deny benefits, the ALJ

23  must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231

24  (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also

25  Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that

26  claimant was not credible is insufficient).

27         Once a claimant has presented medical evidence of an underlying

28  impairment which could reasonably be expected to cause the symptoms alleged,

6

1   the ALJ may only discredit the claimant's testimony regarding subjective pain by

2   providing specific, clear, and convincing reasons for doing so.  Lingenfelter v.

3   Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  An ALJ's credibility finding

4   must be properly supported by the record and sufficiently specific to ensure a

5   reviewing court that the ALJ did not arbitrarily reject a claimant's subjective

6   testimony.  Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).  An ALJ

7   may properly consider "testimony from physicians . . . concerning the nature,

8   severity, and effect of the symptoms of which [claimant] complains," and may

9   properly rely on inconsistencies between claimant's testimony and claimant's

10   conduct and daily activities.  See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59

11   (9th Cir. 2002) (citation omitted).  An ALJ also may consider "[t]he nature,

12   location, onset, duration, frequency, radiation, and intensity" of any pain or other

13   symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage,

14   effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than

15   medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities";

16   "unexplained, or inadequately explained, failure to seek treatment or follow a

17   prescribed course of treatment"; and "ordinary techniques of credibility

18   evaluation," in assessing the credibility of the allegedly disabling subjective

19   symptoms.  Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20

20   C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595,

21   600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on

22   conflict between claimant's testimony of subjective complaints and objective

23   medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir.

24   1998) (ALJ may properly rely on weak objective support, lack of treatment, daily

25   activities inconsistent with total disability, and helpful medication); Johnson v.

26   Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact

27   that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d

28   748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and

7

1   the lack of side effects from prescribed medication).

2          Here, the ALJ provided clear and convincing reasons for finding Plaintiff's
3   subjective complaints of impairment less than credible.  First, the ALJ properly
4   rejected Plaintiff's credibility on the basis of the conservative treatment she
5   received.[3]  "[E]vidence of 'conservative treatment' is sufficient to discount a
6   claimant's testimony regarding severity of an impairment."  Parra v. Astrue, 481
7   F.3d 742, 746 (9th Cir. 2007); see also Meanel v. Apfel, 172 F.3d 1111, 1114 (9th
8   Cir. 1999); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995).  Despite
9   Plaintiff's complaints of disabling pain, she consistently received conservative
10  treatment.  She underwent a short course of physical therapy, with use of a TENS
11  unit.  (Id. at 446-47, 453-57, 459.)  In one physical therapy report, it was noted
12  that "[i]t appears when [patient] is not thinking about moving she actually moves
13  quite freely." (Id. at 453.)  Plaintiff also sought chiropractic treatment.  (Id. at
14  246-89.)  In addition, she routinely was prescribed Vicodin, although at least once
15  it was reported that her symptoms were maintained on Tylenol with Vicodin for
16  breakthrough pain only.  (Id. at 317-32, 420-21, 443, 448, 543-53, 558-64.)
17  Crucially, nowhere in the record is there any suggestion that Plaintiff required
18  surgical intervention, although she made it clear at least once that she was not
19  interested in such treatment.  (Id. at 454.)  She also refused injections for pain
20  management, despite them being offered.  (Id. at 423-24, 437, 454, 458.)

21         In addition, the ALJ noted the discrepancies between the objective medical
22  evidence and Plaintiff's subjective complaints of impairment.  (AR at 14-15, 17.)
23  Of course, an ALJ "may not reject a claimant's subjective complaints based *solely*

24
25
26         [3]  Although the ALJ could have been more explicit in stating the
27  conservative treatment as a basis for rejecting Plaintiff's credibility, it is clear this
    was a part of the ALJ's analysis.  The ALJ highlighted Plaintiff's conservative
28  treatment in detail in the portion of the analysis in which he concluded Plaintiff's
    subjective complaints are not credible.

1    on a lack of objective medical evidence to fully corroborate the alleged severity of

2    pain." Bunnell, 947 F.2d at 345 (emphasis added).  However, such a factor

3    remains relevant.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ

4    may properly rely on inconsistency between claimant's subjective complaints and

5    objective medical findings); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600

6    (9th Cir. 1999) (ALJ may properly rely on conflict between claimant's testimony

7    of subjective complaints and objective medical evidence in the record).

8        The ALJ's conclusion regarding the lack of objective evidence is supported

9    by the record.  The medical evidence supports Plaintiff's history of a back

10   condition (AR at 246-95, 317-32, 348-54, 356-63, 398, 412, 423-24, 428, 432,

11   435-37, 441, 443, 446-61, 543-53, 558-64, 566-68), but the objective evidence

12   does not support Plaintiff's complaints of disabling limitations.  The only

13   objective evidence of Plaintiff's back condition was a single x-ray showing

14   chronic facet arthropathy, which was characterized as a "minor abnormality."  (Id.

15   at 398; see also id. at 437 ("X-ray showed faced arthropathy only".)  Significantly,

16   earlier imaging showed a "normal pelvis and bilateral hips," and "no evidence of

17   significant degenerative or acute lumbar spine osseous disease."  (Id. at 454.)  In

18   addition, as noted above, Plaintiff's physical therapist once reported that she

19   moved quite freely when she was not thinking about moving.  (Id. at 453.)  The

20   objective medical evidence simply did not support Plaintiff's complaints of total

21   disability due to her back condition.  Accordingly, this, too, was a clear and

22   convincing reason for rejecting Plaintiff's credibility.

23       The Court does not address the remaining reasons set forth by the ALJ for

24   rejecting Plaintiff's credibility, as even if the Court were to find that these reasons

25   were insufficient to reject Plaintiff's credibility, any error would be harmless in

26   light of the reasons discussed above.  See Carmickle v. Comm'r, Soc. Sec.

27   Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) (ALJ's error in providing legally

28   insufficient reasons for rejecting claimant's credibility was harmless where ALJ

gave other, sufficient reasons).

Based on the foregoing, the Court finds that the ALJ stated clear and convincing reasons, supported by substantial evidence in the record, for rejecting Plaintiff's credibility.  Thus, there was no error.

### IV.

### **ORDER**

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated: June 3, 2014

HONORABLE OSWALD PARADA
United States Magistrate Judge